OPINION
Appellant Kenneth Maurer is appealing the decision of the Stark County Court of Common Pleas, Domestic Relations Division, concerning a judgment entry the court issued on December 9, 1997. The following facts give rise to this appeal.
On December 7, 1997, Appellant Kenneth Maurer and Appellee Mary Maurer were married. Four children were born as issue of the marriage: Krista, who is an adult; Kenneth born March 29, 1979; Kyle born July 1, 1991; and Kevan born January 26, 1994. Appellee filed a complaint for divorce on January 12, 1995.
The parties agreed to a divorce on the grounds of incompatibility. The only issues in dispute were custody of the minor children and division of marital assets. The trial of this matter commenced on December 12, 1995. By judgment entry filed December 29, 1995, the trial court ordered shared parenting of the minor children and divided the parties' assets. Appellant timely filed a notice of appeal to this Court. On May 5, 1997, we issued an opinion affirming the trial court's decision in part, reversing it in part, and remanding the matter of shared parenting to the trial court.
On September 15, 1997, the trial court conducted a hearing on the issue of child custody and other post decree motions filed by Appellant Kenneth Maurer. The trial court issued a judgment entry on December 9, 1997, naming Appellee Mary Maurer the residential parent of the minor children and adopting the visitation and child support orders previously set forth in its orders. The trial court also dismissed appellant's motion for summary judgment and motion for relief from judgment. It is from this order appellant appeals and sets forth the following assignments of error for our consideration:
 I. IT WAS AN ERROR, UNREASONABLE, PREJUDICIAL AND CONTRARY TO LAW, THAT THE TRIAL COURT SHOULD DENY THE SHARED-PARENTING REQUEST BY THE APPELLANT, FOR THE IRRATIONAL AND UNCONSTITUTIONAL REASON THAT THE APPELLANT/FATHER HAS CONTINUED TO PURSUE OTHER AVENUES OF THE JUDICIAL SYSTEM TO CORRECT THE LOWER COURT'S MISTAKES AND OR LAPSE OF JUDGEMENT (SIC). ALSO, IN DEFENSE OF THE AWARDING OF THE SHARED PARENTING, IT MUST BE NOTED, THAT THE TRIAL COURT, SEEMINGLY TO BELIEVE THAT IT WAS IN THE BEST INTEREST OF THE MINOR SONS, ORDER (SIC) A SHARED PARENTING PLAN OF IT'S (SIC) OWN, THEN WITH THE BELIEF THAT SUCH AN ARRANGEMENT AS, IN IT'S (SIC) ORIGINAL JUDGMENT ENTRY OF DEC. 29TH. (SIC) 1995, WAS SUCH AN ARRANGEMENT THAT THE FATHER AND MOTHER COULD CO-OPERATE FULLY, WITH RESPECT TO R.C. 3904.-(F)(2) (SIC). WHEREAS, TIME HAS HEALED THE WOUNDS OF THE DIVORCE, AND THE APPELLANT/FATHER HAS BEEN A MAINSTAY IN THE (SIC) KEEPING THE PEACE BETWEEN THE APPELLEE/MOTHER, IN CONFLICTS THAT ARISE OR DIFFERENT INTERPRETATIONS OF THE LOWER COURT'S ORDER'S (SIC).
 II. IT WAS AN ERROR, AGAINST THE MANIFEST OF NEWLY DISCOVERED EVIDENCE, AN ABUSE OF DISCRETION HIGHLY PREJUDICIAL TO THE APPELLANT AND CONTRARY TO LAW, FOR THE COURT TO DISMISS, WITHOUT JUSTIFICATION THE APPELLANT'S MOTION FOR SUMMARY JUDGEMENT (SIC) EITHER BASED UPON A MOTION TO DISMISS, BY THE APPELLEE'S MOTION TO DISMISS, WHEREAS IN THE APPELLEE'S MOTION, THE BRIEF IN SUPPORT CONTAINS INFORMATION THAT WAS PROVED BY THE APPELLANT TO BE AN ACT OF PERJURY BEFORE THE COURT, BOTH AT THE TRIAL OF 12/12/95 AND ALSO AT THE SUBSEQUENT HEARING ON THE AFOREMENTIONED MOTION ON 11/10/97, BOTH HELD BEFORE JUDGE HOFFMAN, OR BY THE COURT'S OWN INCENTIVE. THE DECISION WAS MADE USING FALSE INFORMATION, THAT THE TRIAL COURT USED IN IT'S (SIC) ORIGINOL (SIC), THEN RELAYING THE SAME INFORMATION TO THE FIFTH DISTRICT COURT OF APPEALS, WHO CONCURRED WITH THE LOWER COURT, AGAIN BASED ON FALSE INFORMATION, THEN LASTLY, AGAINST THE MANIFEST (SIC) OF THE EVIDENCE SUPPLIED BY THE APPELLANT, CONTINUED HIS BELIEF IN THE (SIC) HIS PREVIOUS RULING AND IGNORED THE APPELLANT'S EVIDENCE OF THE CONTINUING PERJURY OF THE APPELLEE'S ATTORNEY.
 III. IT WAS AN ERROR, UNREASONABLE AND CONTRARY TO CIVIL RULE 60(B)(4). (SIC) THAT THE TRIAL COURT DISMISS APPELLANT'S MOTION FOR RELIEF OF JUDGEMENT (SIC): WHEREAS THE RULE STATES THAT THE JUDGEMENT (SIC) HAS BEEN SATISFIED, RELEASED, OR DICHARGED (SIC), OR IT IS NO LONGER EQUITABLE THAT THE JUDGEMENT (SIC) SHOULD HAVE PROSPECTIVE APPLICATION.
 IV. IT WAS AN ERROR HIGHLY PREJUDICIAL, AND CONTRARY TO LAW THAT THE TRIAL COURT FIND, IN IT'S (SIC) RESPONSE TO THAT APPELLANT'S MOTION TO VACATE, THAT THE COURT ATTEMPTS TO RECTIFY IT'S (SIC) PREVIOUS MISTAKE BY MERELY CLAIMING THE PROPERTY TO BE THE WIFE'S SEPARATE PROPERTY.
 I, II, III, IV
The record reveals appellant failed to file a transcript of the hearing conducted before the trial court on September 15, 1997. When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the trial court's proceedings, and affirm. Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197. Because appellant has failed to provide this Court with those portions of the transcript necessary for resolution of the assigned errors, we must presume the regularity of the proceedings below and affirm.
Appellant's first, second, third and fourth assignments of error are overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Domestic Relations Division, Stark County, Ohio, is hereby affirmed.
By: Wise, J., Farmer, P. J., and Reader, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Domestic Relations Division, of Stark County, Ohio, is affirmed.